# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

PEOPLE FOR THE ETHICAL TREATMENT
OF ANIMALS, INC., *et al.*,

                         Plaintiffs,

          v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, *et al.*,

                    Defendants.

</td><td>

No. 1:17-cv-00269-CRC

</td></tr>
</table>

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
## FOR LEAVE TO TAKE DISCOVERY

Defendants, the United States Department of Agriculture ("USDA") and its component Animal and Plant Health Inspection Service ("APHIS" or "the agency"), oppose the motion for leave to take discovery filed by Plaintiffs in this Freedom of Information Act ("FOIA") action. Defendants have not yet filed an answer in this case, and a motion to dismiss, which may – and, in Defendants' view, will – dispose of this litigation altogether is pending.  Indeed, Defendants' motion raises an array of grounds for dismissal, including jurisdictional issues that must be resolved before this Court may proceed to the merits of Plaintiffs' claim.

Furthermore, discovery is disfavored at *any* stage of the proceedings in FOIA cases, and this case is no exception to the well-settled presumption against it.  As this Court has repeatedly acknowledged, discovery in FOIA cases is seldom granted, and is almost never appropriate prior to the submission of motions for summary judgment and without a demonstration that the agency has acted in bad faith.  Plaintiffs assert that discovery is warranted by the unique circumstances of

1

this case – in which Plaintiffs challenge the agency's compliance with FOIA's affirmative-disclosure provisions without tying the relief sought to a properly submitted FOIA request. To the contrary, the unusual nature of this FOIA case in fact militates *against* discovery before the resolution of the motion to dismiss. Because discovery is procedurally premature and substantively improper, Defendants respectfully request that this Court deny Plaintiffs' motion.

## **BACKGROUND**

Plaintiffs, various animal advocacy groups, filed this action challenging APHIS's removal, on February 3, 2017, of records previously made available to the public on its website. *See* Compl. ¶ 30. While they acknowledge that these same records remain available to them and to members of the public via regularly filed FOIA requests pursuant to 5 U.S.C. § 552(a)(3), Plaintiffs assert that the removal violated the affirmative disclosure or "reading room" provisions of the FOIA, set forth in § 552(a)(2). *See id.* ¶¶ 31, 36. Specifically, Plaintiffs insist that publication of these records is mandated by § 552(a)(2)(D), which applies to certain records that have been previously "released" to a person in response to a FOIA request under section (a)(3). *Id.* ¶ 23. Because Plaintiffs believe that the agency is obliged by the FOIA to publish the records it previously made available online, they ask the Court to declare unlawful APHIS's removal of those records and order it to make all the removed records, as well as future records "after they are generated or obtained" by APHIS, available to Plaintiffs by electronic means. *Id.* at 14-15.

About two months after they initiated this suit – but before Defendants had answered or otherwise responded to their Complaint – Plaintiffs filed the instant motion for discovery. *See* Plaintiffs' Discovery Motion ("Disc. Mot.") (ECF No. 12). Pointing to the D.C. Circuit's recent opinion in *Citizens for Responsibility & Ethics in Washington v. DOJ* ("*CREW*"), 846 F.3d 1235 (D.C. Cir. 2017), which held that FOIA's affirmative disclosure provisions cannot be enforced via

a suit under the Administrative Procedure Act ("APA"), Plaintiffs contend that they require discovery to access information that would have been in an administrative record, had an APA cause of action been available to them.  *See* Disc. Mot. at 2.  Plaintiffs also argue that because "the agency's past practices and statements about what must be" posted online "are completely at odds with its February 2017 decision," discovery is required.  *Id.* at 11.  They insist that they "should not have to face further delay in marshalling the evidence" for their claim.  *Id.* at 12.

Six days after Plaintiffs filed their discovery motion, the agency filed a motion to dismiss, explaining, *inter alia*, that: (1) Plaintiffs have failed to identify an "improper withholding" subject to this Court's jurisdiction under FOIA; (2) Plaintiffs do not claim to have submitted a FOIA request for the disputed records, or to have properly exhausted remedies with respect to any such request; and (3) Plaintiffs' FOIA claim fails on ripeness grounds.  *See* Defendants' Motion to Dismiss ("MTD") (ECF No. 13), at 10-24.  With Defendants' consent, Plaintiffs have sought and obtained from this Court an extension of time until June 1 to respond to the motion to dismiss.

## ARGUMENT

### I.    THE COURT SHOULD RESOLVE DEFENDANTS' MOTION TO DISMISS BEFORE ALLOWING ANY DISCOVERY.

"It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. United States Attorneys Office,* No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (citing *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters,* 494 F.2d 1092, 1100 (D.C. Cir. 1974)). Delaying discovery until the resolution of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial

resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quotation marks and citation omitted).

In this case, it is particularly appropriate to defer discovery pending the resolution of the pending motion to dismiss.  First, the resolution of the motion to dismiss may (and, in the Defendants' view, likely will) dispose of this case in its entirety.  *See Chavous*, 201 F.R.D. at 3 ("[T]he trial court 'inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery.'" (citation omitted)).  Because the motion to dismiss may end this litigation, and thereby obviate any need for discovery, the Court should not allow Plaintiffs to proceed with discovery before it rules on Defendants' motion.  *See, e.g.*, *Loumiet v. United States*, No. 12-1130, 2016 WL 7408820, at *2 (D.D.C. Dec. 22, 2016) (finding it "appropriate to stay discovery where qualified immunity has been pleaded and threshold motions are pending"); *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (staying discovery "pending resolution of the threshold, dispositive motions [that] raise significant issues, and [whose] resolution will likely define the scope of discovery, if any"); *see also In re Domestic Airline Travel Antitrust Litig.*, 174 F. Supp. 3d 375, 378 (D.D.C. 2016) (rejecting motion for limited discovery "prior to the resolution of the planned motions to dismiss" because "burden on Defendants of responding to the discovery" still outweighed the nonexistent prejudice to plaintiffs in delaying discovery).

Second, Defendants' motion raises threshold questions about the justiciability of this case, including whether this Court has subject-matter jurisdiction under the FOIA, *see* MTD at 10-19, and, even if it does, whether Plaintiffs' FOIA claim is ripe, *see id.* at 20-24.  Any one of the bases for dismissal raised in Defendants' motion could dispose of this case in its entirey. More importantly, these threshold issues must be resolved before the Court undertakes any further

proceedings on the merits, whether through Court-ordered discovery or otherwise.  *See Bancoult v. McNamara*, 445 F.3d 427, 432 (D.C. Cir. 2006) ("The 'first and fundamental question' that we are 'bound to ask and answer' is whether the court has jurisdiction to decide the case." (internal quotation omitted)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869))).  Because "the requirement that jursidiction be established . . . is 'inflexible and without exception,'" the Court should resolve the jurisdictional arguments presented in Defendant's motion before allowing Plaintiff to commence any discovery.  *Id.* at 94-95 (citation omitted); *see, e.g.*, *Duarte v. Nolan*, 190 F. Supp. 3d 8, 15-16 (D.D.C. 2016) (Cooper, J.) (denying discovery request where plaintiff failed to show how it would "cure the deficiencies" in personal jurisdiction raised in defendant's motion to dismiss); [1] *Medical Solutions, Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 135 (D.D.C. 2006) (discovery unwarranted in light of Court's resolution of motion to dismiss for lack of jurisdiction).

Moreover, even if the Court denies Defendants' motion, its ruling on the arguments raised therein is likely to, at a minimum, narrow or provide greater focus for the issues remaining in this litigation.  Accordingly, this Court should deny Plaintiffs' motion for discovery at this time.

## II.    DISCOVERY IS INAPPROPRIATE IN MOST FOIA CASES, AND THIS CASE IS NO EXCEPTION.

There is by now no doubt that "[i]n FOIA cases, discovery is both rare and disfavored." *Freedom Watch v. Bureau of Land Mgmt.*, No. 16-0992, 2016 WL 6304653, at *2 (D.D.C. Oct.

---

[1] Even where (unlike here) a jurisdictional challenge involves disputed factual issues, a plaintiff must make a "detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce." *Colorado Wild Horse and Burro Coalition, Inc. v. Kempthorne*, 527 F. Supp. 2d 3, 7 (D.D.C. 2007).  Discovery is properly denied when it is not clear exactly "what facts additional discovery could produce that would affect [the] jurisdictional analysis." *Mwani v. Bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005) (quotations omitted).

27, 2016); *see also, e.g.*, *Landmark Legal Foundation v. EPA*, 959 F. Supp. 2d 175, 183 (D.D.C. 2013) ("Discovery is the exception, not the rule, in FOIA cases." (citation omitted)); *Thomas v. FDA*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action."); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

The broad presumption against discovery in FOIA cases is particularly applicable here, where resolution of Defendant's motion to dismiss may dispose of the litigation altogether. Further, Plaintiffs' attempt to frame this as "a very different kind of FOIA case" rather than a "run-of-the-mill FOIA case" centering on a particular FOIA request, *see* Disc Mot. at 1, is unavailing; the fact that this action is unusual is *all the more* reason to deny discovery at this early stage, to permit this Court to rule on the jurisdictional and other threshold defects identified in Defendants' motion to dismiss. *Cf. Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1115 (D.C. Cir. 2017) (affirming dismissal under rule 12(b)(1) for lack of standing in case brought under affirmative disclosure provisions of FOIA, § 552(a)(2)). Indeed, as explained in Defendant's Motion to Dismiss, *see* MTD at 22-23, Plaintiffs' failure to tie the relief sought to a properly submitted FOIA request for identifiable records, as required by Congress and this Circuit's caselaw, renders this case judicially unmanageable; ordering discovery at this point would only exacerbate that problem.

Nor does Plaintiffs' argument that they are entitled to discovery as a result of the D.C. Circuit's recent opinion in *CREW* hold water. Because *CREW*'s holding that challenges to an agency's compliance with FOIA's affirmative-disclosure provisions may only be brought under FOIA's judicial review provision, 5 U.S.C. § 552(a)(4)(B), means an agency is not obligated to produce an administrative record, Plaintiffs believe that "it is essential" that the Court permit them

to take discovery immediately. *See* Disc. Mot. at 2. But *CREW* in no way compels such a conclusion.

First, the fact that there is no administrative record in this FOIA case simply means that it is like all other FOIA cases, in which the absence of such a record has never been held to justify discovery at the beginning of the suit. Quite the contrary, courts have explained that "FOIA actions are typically resolved without discovery," *Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006), on the basis of "affidavits offered by an agency." *Morley v. CIA*, No. 03-2545, 2006 WL 280645, at *1 (D.D.C. Feb. 6, 2006); *see also Voinche*, 412 F. Supp. 2d at 71 (discovery in FOIA cases, when permitted, is "limited to the adequacy of the agency's search and similar matters").

Second, the D.C. Circuit expressly held in *CREW* that § 552(a)(4)(B) "governs judicial review of . . . requests for information under sections 552(a)(1), (2), or (3)," and its holding relied on the principle that the limits of judicial review under § (a)(4) apply equally to cases challenging agency compliance under any of those three sections. *See CREW*, 846 F.3d at 1240 (citing *Kennecott Utah Copper Corp. v. Dep't of Interior*, 88 F.3d 1191, 1202 (D.C. Cir. 1996)); *id.* at 1240-44. It would therefore be odd if *CREW* were understood to *reverse* the presumption against discovery for all (a)(2) cases, as Plaintiffs' logic suggests. The rule against discovery in FOIA cases applies to a variety of issues, including whether a document is an agency record, whether an agency's search for responsive records is adequate, and whether an agency correctly invoked an exemption to disclosure; whether an agency fulfilled its affirmative disclosure obligations is no more likely to involve fact-based questions than any of these other issues. Plaintiffs' conspicuous effort to use discovery to construct the administrative review to which they acknowledge they are not entitled after *CREW*, and to ask the Court for review thereof, is essentially a backdoor effort to fashion APA-like review. But this flies in the face of *CREW*'s instruction that cases brought

under § 552(a)(2) are governed by the same limitations that cabin judicial review of "run of the mill" FOIA cases. Indeed, Plaintiffs themselves have identified no case involving section 552(a)(2) in which a Court granted discovery.

In any event, in the rare FOIA cases when this Court has entertained a discovery request it has done so only *after* the defendant agency moved for summary judgment and submitted its supporting declarations. *See Schrecker v. DOJ*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) *aff'd*, 349 F.3d 657 (D.C. Cir. 2003); *accord Riccardi v. DOJ*, 32 F. Supp. 3d 59, 61 n.2 (D.D.C. 2014) (finding discovery inappropriate in FOIA case when motions to dismiss and for summary judgment were pending); *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (affirming district court's denial of discovery concerning FOIA claim because "[c]ourts routinely delay discovery until after summary judgment in such cases"). Because discovery in FOIA actions is disfavored and in any event premature prior to summary judgment, it is needlessly burdensome for the Court to require Defendants to respond to Plaintiffs' requested discovery at this time. *See also North v. DOJ*, 729 F. Supp. 2d 74, 77-78 (D.D.C. 2010) ("If the Court agrees with plaintiff that [defendant] is not entitled to summary judgment, the Court shall reconsider plaintiff's requests for discovery. However, the Court shall not permit any discovery to be taken until it has considered [defendant's] . . . motion for summary judgment.").

And even after a motion for summary judgment has been filed, discovery in FOIA cases "is rare and should be denied where an agency's declarations are reasonably detailed [and] submitted in good faith." *Schrecker*, 217 F. Supp. 2d at 35; *Law Offices of Snider and Associates, LLC v. Gates*, 45 F. Supp. 3d 100, 105 (D.D.C. 2014) (Cooper, J.) (denying discovery request in FOIA case and noting that where agency's affidavits are sufficient, judge has broad discretion to forgo discovery). "When . . . the record includes deficient declarations, the courts generally will

request that the agency supplement its supporting declarations instead of ordering discovery." *Isiwele v. HHS*, 85 F. Supp. 3d 337, 344 (D.D.C. 2015) (quotation marks and citation omitted); *accord Flowers v. IRS*, 307 F. Supp. 2d 60, 68 (D.D.C. 2004) ("Even if an agency's affidavits . . . are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits."). Here, APHIS has yet to submit any declarations or to move for summary judgment, and has raised threshold grounds for dismissal that could avoid any need to do so. As a result, Plaintiffs obviously cannot establish the inadequacy of the agency's declarations or otherwise demonstrate that summary judgment should be denied. Plaintiffs assert that "there will inevitably be material issues of fact that need to be resolved before this Court will be in a position to issue a ruling on the merits of Plaintiffs' claims." Disc. Mot. at 10. But the Court may never reach that stage, and even if it does, this determination is for the Court to make, based on summary judgment briefing.

Moreover, courts find that an agency has acted in bad faith for purposes of ordering discovery only "when there is evidence of some wrongdoing such as . . . a material conflict in agency affidavits." *CREW v. Nat'l Indian Gaming Comm'n*, 467 F. Supp. 2d 40, 56 (D.D.C. 2006). There is no reason to anticipate that such wrongdoning will be apparent from any affidavits the agency might eventually be required to submit – especially since such submissions are accorded a presumption of good faith. *See Freedom Watch, Inc. v. Nat'l Sec. Agency*, No. 12-1088, 2016 WL 7191558, at *4 (D.D.C. Dec. 12, 2016) (Cooper, J.) (denying motion for discovery and rejecting claim that agency acted in bad faith in part because "mistakes do not imply bad faith" (citation omitted)).; *Freedom Watch, Inc. v. Nat'l Sec. Agency*, 49 F. Supp. 3d 1, 6 (D.D.C. 2014) (Cooper, J.) ("There is a presumption of good faith accorded to agency submitted affidavits or declarations, which cannot be rebutted by purely speculative claims." (citation omitted)).

As previously noted, at this stage in the litigation, APHIS has not submitted *any* declarations in support of its position – let alone multiple, conflicting affidavits from which a Court could discern bad faith, or affidavits that may contradict other evidence before the Court.  In fact, the agency has not yet filed an answer to Plaintiffs' Complaint, and the motion to dismiss assumes the truth of the factual allegations in the Complaint.  *See* MTD at 5 n.1.  Plaintiffs' efforts to circumvent this threshold requirement for discovery in the FOIA context by supplying what they view as conflicting agency pronouncements in years-old website postings has no basis in the law of this or any circuit.  Even if those prior pronouncements could be used to contradict the agency's present representations, they cannot do so here, where APHIS has yet to file an affidavit about the records in question.  Tellingly, Plaintiffs do not identify even a single case in their motion in which a court has allowed a plaintiff to take discovery in a FOIA case – whether an affirmative-disclosure action or a "run of the mill" FOIA claim – before the defendant-agency had filed affidavits in support of its position.  *See* Disc. Mot. at 11 (citing, in support of request for discovery here, FOIA cases allowing discovery *after* agency has moved for summary judgment).

Moreover, an independent reason to deny discovery in this FOIA case is that much of Plaintiffs' requested discovery is untethered from their actual claim for relief under the statute.  Plaintiffs' only cause of action, *see* Compl. ¶¶ 36-37, is that Defendants' temporary removal of information from APHIS's website violates 5 U.S.C. § 552(a)(2).  Yet Plaintiffs have not articulated the relevance to their affirmative disclosure claim of much of the discovery they seek.  For example, Plaintiffs claim that disputed "material" issues of fact in this case include the "actual reasons" the agency removed records from its website, and the "basis" for the agency's statement that it did so to protect individuals' personal privacy, and seek discovery on those issues.  *See* Disc. Mot. at 10-11.  But Plaintiffs fail to explain the relevance of these issues to the merits of their

claim, and Defendants do not believe these issues are pertinent to it.  Thus, notwithstanding their insistence that they request only "limited" discovery, Plaintiffs in fact seek a broad range of information, much of which has no bearing on the question whether APHIS has complied with the FOIA and is therefore irrelevant to this litigation.

Finally, much of Plaintiffs' discovery request is premised on their understanding of the agency's obligations under § 552(a)(2).  But to the extent that Plaintiffs would like to litigate the merits of their cause of action via this request for discovery, the Court should reject this tack as inappropriate.  The Court should not allow them to bypass the ordinary course of litigation for a FOIA case by smuggling their primary contentions about what FOIA requires into this discovery motion.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' motion for discovery.

Dated: May 11, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

PETER M. BRYCE
Senior Counsel

/s/ Anjali Motgi
ANJALI MOTGI
Trial Attorney (TX Bar No. 24092864)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Tel: (202) 305-0879 | Fax: (202) 616-8470
Anjali.Motgi@usdoj.gov

*Attorneys for Defendants*

11